20058

Bobby SESSIONS, Appellant, v. CLERK OF COURT, CONWAY, South Carolina, Respondent

(216 S. E. (2d) 764)

*H. Eugene Hudson, Esq.,* of Myrtle Beach, *for Appellant.*
*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H.
Clair, Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia,
*for Respondent.*

July 10, 1975.

BUSSEY, Justice:

The appellant Sessions is serving a life sentence for murder and appeals from a denial, without an evidentiary hearing, of his petition for post conviction relief. In a prior petition he asserted that his plea of guilty was involuntary, but was denied any relief and did not appeal. In his present petition he alleges that new evidence has been discovered, which, if available at the time of the trial, would have resulted in his entering a plea of not guilty rather than guilty.

On August 14, 1971, in the County of Horry, one Smokey McDowell was robbed and beaten to death with a two by four. The appellant and one Bobby Suggs confessed to the crime and appellant's plea of guilty to murder was entered on October 6, 1971.

The evidence proffered by the appellant in support of his present petition consisted of an affidavit by his co-defendant Suggs setting forth facts, which appellant asserts were unknown to him until the time of Suggs' affidavit. In brief, Suggs' affidavit is to the effect that Sessions, in the course of the robbery, ceased his assault on McDowell, while still alive, and went to Sessions' car nearby; that he, Suggs, pursued the assault on McDowell striking fatal blows, after which he went to join Sessions, who then drove them away from the scene in Sessions' car.

The basis of the order denying any relief was that even if the Suggs' affidavit was considered to be wholly true appellant would still be guilty of murder under the felony murder rule. We agree. Appellant admittedly participated in the robbery and assault, the severity of the blow or blows struck by the appellant being unknown; appellant shared the proceeds of the robbery; appellant aided Suggs in his escape; he waited for Suggs in the car and drove him from the scene of the murder. In brief summary, appellant's petition and the affidavit of Suggs simply do not support his contention that there was withdrawal by Sessions from his participation in the crime sufficient to prevent application of the felony murder rule. *Gore v. Leeke,* 261 S. C. 308, 199 S. E. (2d) 755 (1973); *State v. Crowe,* 258 S. C. 258, 188 S. E. (2d) 379 (1972); Cf. Criminal Law, Annual Survey of South Carolina Law, 26 S. C. L. Rev. 189 (1974).

In view of the foregoing conclusion, it is unnecessary to consider whether or not Suggs' affidavit complied with the other criteria essential to granting relief on the ground of after discovered evidence. The appeal is without merit and the judgment below is,

Affirmed.

Moss, C. J., and Lewis, Littlejohn and Ness, JJ., concur.